# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00558-CV

**James Powell and Alice Rae "AlRae" Huseman, Appellants**

**v.**

**Shandy Phillip Powell Smith, Appellee**

### FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 22-0797-CP4, THE HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Powell and Alice Rae "AlRae" Huseman appeal the trial court's judgment declaring that Shandy Phillip Powell Smith is the sole devisee under the will of Smith's father, Bryan Thomas Powell. We will affirm.

## BACKGROUND

Bryan[1] died in April 2022, leaving a holographic will executed on January 29, 1998. The will provided that:

> Power of attorney is given to my Mother, Elsie Alice Powell, 29 January 98. After expenses, all remaining funds go to my Son. As to the disposition of my car, it also is to go to my Son, Shandy Phillip Powell Smith; any balance on its loan to be paid out of <u>my</u> estate funds. [] Everything else shall be divided up and/or disposed of as the Family see fit. No fighting or other unpleasantness is allowed.

---

[1]  Because James Powell and Bryan Powell share a surname, we will refer to them by their given names for clarity.

When Bryan died, his surviving relatives included his brother James, his sister Huseman, and his son Smith. On July 14, 2022, Smith, as applicant, filed an application for probate of Bryan's holographic will and for letters of independent administration pursuant to Texas Estates Code section 401.002(b). *See* Tex. Est. Code § 401.002(b) (providing that when no executor is named in decedent's will, all decedent's distributees may agree on advisability of having independent administration and collectively designate qualified person to serve as independent administrator). The application states, incorrectly, that Smith is an executor named in the will. The application states that Bryan executed a valid holographic will in January 1998 that was never revoked; that no children were born or adopted by Bryan after execution of the will; and that no marriage of Bryan was dissolved after the will was executed. The application further stated:

> An independent administration of the estate is advisable and in the best interest of the estate and of the distributee. The only distributee of the estate and person required to receive notice under Section 401.004, Texas Estates Code, is Shandy Powell Smith and such person will file a Waiver of Notice and Consent to Application for Independent Administration.
>
> Applicant requests Shandy Phillip Powell Smith be appointed independent Administrator of Decedent's estate, without bond. Shandy Phillip Powell Smith is qualified to be appointed as administrator of this estate, and is not disqualified by law to act as such.

The application requested that "citation issue to all persons having an interest in Decedent's estate as required by law," that "Decedent's Will be admitted to probate," and that "Shandy Phillip Powell Smith receive letters of administration." On July 29, 2022, Smith filed a waiver of citation and bond and consent to appointment of independent administrator, in which he stated: "I hereby designate and request the court to appoint Shandy Phillip Powell Smith, who is a qualified person, to serve as Independent Administrator With Will Annexed, to serve without bond."

On September 21, 2022, the trial court signed an order admitting the holographic will to probate and granting letters of independent administration pursuant to Texas Estates Code section 401.002(b). The court found that, although the will did not provide for an independent administration, "the distributee has requested an independent administration as required in Section 401.004, Texas Estates Code." The court further found that Smith was not disqualified to serve as independent administrator and that "[t]he distributees designated [Smith] to serve without bond." The court ordered Bryan's will admitted to probate and further ordered that "upon taking and filing of the oath required by law, Shandy Phillip Powell Smith shall be issued letters of administration and appointed Independent Administrator With Will Annexed of Decedent's Will and estate." On October 17, 2022, Smith, as Independent Administrator, filed a certificate of compliance for notice to beneficiaries stating that no notice to beneficiaries had been provided because the only beneficiary named in the will was Smith, who had already made an appearance in the proceeding.

On November 2, 2022, James and Huseman, Bryan's surviving siblings, filed a motion to vacate the order appointing Smith Independent Administrator of Bryan's estate. James and Huseman alleged that they were not notified of the application filed by Smith and that neither had agreed to appoint him as Independent Administrator without bond. James and Huseman asserted that, because Bryan's will provided that "[e]verything else shall be divided up and/or disposed of as the Family sees fit," the will "makes clear that the intended distributees of this estate include more individuals than [Smith]," and that the language of the will indicates that Bryan "clearly intended that other family members, in addition to [Smith], to [sic] take under the terms of the will." James and Huseman argued that the trial court had "ignored the residuary bequest to Decedent's family and instead found that [Smith] was the sole beneficiary under the

3

will," and sought to set aside the order appointing Smith the Independent Administrator because the lack of citation and notice to them deprived the court of jurisdiction to order his appointment.

James and Huseman also sought declaratory relief under the Texas Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code § 37.005 (providing for declaration of rights or legal relations in respect to estate to determine questions of construction of wills). James and Huseman sought a declaration that the word "Family" in the will included them and that, consequently, they "are beneficiaries under the Will."

Smith opposed the motion to vacate and request for declaratory judgment, asserting that the court lacked plenary power to act on it. The parties briefed the issue of the court's continuing jurisdiction and, on April 5, 2024, the trial court signed an order vacating its earlier order appointing Smith as Independent Administrator and cancelled the Letters of Independent Administration issued to Smith. The order states that "[t]here is bona fide dispute regarding the proper construction of the Will's dispositive language giving rise to the need for this Court's declaratory judgment as to the disposition of Decedent's estate under the Will."

On July 16, 2024, the court held an evidentiary hearing on James and Huseman's request for declaratory relief. Huseman testified that when Bryan died, his surviving relatives were James, Huseman, and Smith. Huseman confirmed that Bryan was not married when he died and had no other children besides Smith. Huseman stated that Bryan, who had suffered a severe heart attack when he was 34 years old, moved into their parents' house after his divorce. In 1998, when Bryan executed his will, he and his parents were living in a house the parents owned in Austin. In 2002, they moved to a house the parents owned in Georgetown, where Bryan was living when he died in 2022. Huseman stated that she had moved to Corpus Christi in 1973, and that James continued living in Austin. Huseman testified that their father died in

4

2005, their sister died in 2014, and their mother died in 2017. Huseman explained that their parents left their estate to James, Bryan, and Huseman and that after their mother died, "the three of us made a family settlement agreement that provided that Bryan got the house [in Georgetown]. And as it turned out, each part was approximately a third."

After the hearing, the trial court signed an order that (1) declared that "Defendant Shandy Phillip Smith is the sole devisee of [Bryan's] will," (2) reappointed Smith as Independent Administrator, and (3) issued letters of administration to him. This appeal followed. In one issue, James and Huseman assert that the trial court erred in determining that Smith was the sole devisee of Bryan's will.

## DISCUSSION

The sole issue before us is whether James and Huseman are devisees under the terms of Bryan's will such that the trial court's declaration that Smith is Bryan's sole devisee constitutes reversible error. The proper standard for reviewing a will is to examine the testator's intent, which is ascertained by looking at the language contained within the four corners of the will. *In re Estate of Florence*, 307 S.W.3d 887, 891-92 (Tex. App.—Fort Worth 2010, no pet.). "If possible, all parts of the will must be harmonized, and every sentence, clause, and word must be considered in ascertaining the testator's intent." *Id.* The question is not what the testator intended to write, but the meaning of the words actually used. *In re Estate of Peyrot*, No. 02-05-00265-CV, 2006 WL 1919130, *3 (Tex. App.—Fort Worth July 13, 2006, no pet.) (mem. op.). "If the court can give a certain or definite legal meaning or interpretation to the words used, the will is unambiguous, and the court should construe it as a matter of law." *Id.* A term is not made ambiguous because parties offer differing interpretations of the term. *Id.*

5

Bryan's will begins by granting his mother power of attorney. Next, the will states that "[a]fter expenses, all remaining funds go to my Son." The will then provides that Bryan's car "also is to go to my Son" and that any balance due on a loan should be paid out of Bryan's "estate funds." Thus, the will plainly provides that Smith, Bryan's son, is a devisee under the will. *See* Tex. Est. Code § 22.008 (defining "devise" as testamentary disposition of real property, personal property, or both). To support their claim to also be devisees under Bryan's will, James and Huseman rely on a provision they refer to as the "residuary clause," which provides: "Everything else shall be divided up and/or disposed of as the Family sees fit." James and Huseman maintain that they fall within Bryan's intended meaning of "Family" in the will, and consequently, they, too, are devisees under the will along with Smith. Regardless of whether Bryan intended the term "Family" to include James and Huseman, the "residuary clause" they rely on does not constitute a testamentary disposition of property to any identified devisee. Instead, the clause states that "the Family" shall divide up and/or dispose of "everything else" as they "see fit." Rather than make a testamentary disposition of property to James and Huseman, which would make them devisees under the will, the will directs "the Family" to determine, without "fighting or other unpleasantness," how to distribute or dispose of Bryan's remaining property. Although James and Huseman might ultimately come into possession of some of Bryan's property, if "the Family sees fit," the residuary clause does not constitute a testamentary disposition of any of Bryan's property to them. Thus, the trial court did not err in determining that Smith was the sole devisee under Bryan's will. *See Shriner's Hosp. for Crippled Children v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980) (courts must not redraft wills to vary or add provisions "under the guise of construction of the language of the will" to reach presumed intent). We overrule James and Huseman's sole appellate issue.

**CONCLUSION**

Having overruled James and Husman's sole appellate issue, we affirm the trial court's determination that Smith is the sole devisee under Bryan's will.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed:   October 9, 2025

7